UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-60937-SCOLA

GRUPO ESPECIALIZADO DE SERVICIOS AEREOS
S DE RL DE CV,

    Plaintiff,

v.

VP SALES & CONSULTING, INC. and
JET SERVICES CENTER CORPORATION,

    Defendants.
_____/

## VERIFIED AMENDED COMPLAINT

This action seeks the return of $700,000.00 that Plaintiff Grupo Especializado de Servicios Aereos S de RL de CV ("GESA") caused to be sent to Defendant Jet Services Center Corporation ("JSC") for the purchase of two airplanes. Defendant VP Sales and Consulting, Inc., ("VP Sales), purportedly acting as a sales broker or intermediary, entered into a contract to sell the two airplanes to Plaintiff, and instructed that Plaintiff send the purchase price to JSC, which would act as escrow. It now appears that VP Sales was never authorized the sell the airplanes. JSC acknowledges that it received the funds, that the purchase and sale of the two airplanes cannot be consummated and that the funds rightfully should be returned to Plaintiff, yet JCC has refused to return the monies.

### JURISDICTION AND PARTIES

1.    The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Plaintiff GESA is a Mexican corporation, i.e., a corporation chartered in Mexico, with its principal place of business in Toluca, Mexico. GESA is in the business of aircraft repair and refurbishment, and occasionally buys, refurbishes, and sells airplanes.

3. Defendant VP Sales is a Florida Corporation with its principal place of business at 7280 NW 114th Ave., Unit 205, Miami, Florida 33178.

4. Defendant Jet Services Center Corporation is a Florida corporation with its principal place of business at 1020 NW 62nd Street, Hangar 9, Fort Lauderdale, FL 33309.

5. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.

## FACTS COMMON TO ALL COUNTS

6. On or around March 2, 2016, Jose Luis Hernandez, President of GESA, visited South Florida. On this trip, he shopped for stretchers for an air ambulance business, and aircraft.

7. At Fort Lauderdale executive airport, Jose Luis Hernandez met Jose Gerardo Martinez, who represented that he was an officer of VP Sales and that VP Sales was the broker of two airplanes that might be of interest. Jose Gerardo Martinez showed those airplanes to Jose Luis Hernandez.

8. Jose Luis Hernandez entered into a contract to purchase the two airplanes from VP Sales. A copy of this contract is attached hereto as Exhibit A.

9. At all times relevant hereto, the intention was that the contract would be assigned by Jose Luis Hernandez to GESA, and that GESA would pay for and take possession of the aircraft in its name.

10. Jose Gerardo Martinez instructed that JSC would act as escrow agent on the sale, and provided wiring instructions for JSC. GESA wired $300,000.00 to JSC. GESA arranged for a customer who intended to purchase one of the planes from GESA after GESA had refurbished

it to wire $400,000.00 to JSC. A copy of the sales contract between GESA and its customer is attached hereto as Exhibit B.

11. Thereafter, VP Sales failed to complete the contract, and JSC refused to return the $700,000.00 it had received.

12. GESA learned that Jose Gerardo Martinez was arrested on criminal charges stemming from narcotics trafficking in August 2013. A copy of his indictment dated April 5, 2016 is attached hereto as Exhibit C.

13. At all times relevant hereto, JSC and VP Sales acted in conspiracy. On information and belief, the object of the conspiracy was to obtain possession of the funds with the hopes of then convincing the owners of the aircraft to enter into a contract to sell the aircraft, and thereby to earn a broker's commission on a sale for which neither VP Sales nor JSC had been designated as a broker.

14. GESA has lost $300,000.00 and faces a claim for liability to its customer for the $400,000.00 the customer paid. Plaintiff legitimately fears that the funds will be dissipated or otherwise disposed of.

## COUNT I -- CONSTRUCTIVE TRUST

15. Counts 1-14 are incorporated herein.

16. JSC has, through fraud or other questionable means, taken possession of $700,000.00 that in equity and good conscience it should not be permitted to hold.

17. On information and belief, the funds are being held in an account ending 9297 at Bank of America in the name of Jet Services Center Corporation. A copy of the wire transfer confirmations for the wires initiated by GESA and to such account are attached hereto as Exhibits D and E.

18. Equity requires the creation of a trust on the $700,000.00 that JSC obtained through fraud or other questionable means, or on substitute funds of equal value, should said funds have been dissipated.

19. Equity further requires that the Court take all steps necessary to preserve the *res*.

Wherefore, Plaintiff, requests an order imposing a constructive trust *pendent lite* on JSC, in the amount of $700,000.00, a pre-judgment order compelling the delivery of those funds to counsel for Plaintiff, and any other relief this Court deems appropriate.

## COUNT II -- UNJUST ENRICHMENT

20. Paragraphs 1-14 are incorporated herein.

21. Plaintiff has conferred a benefit Defendants, to wit, monies in excess of $700,000.00.

22. Defendants have knowledge of the benefit conferred upon them.

23. Defendants voluntarily accepted and retained the benefit conferred.

24. On information and belief, Defendants have distributed some of the funds to themselves or to their principals.

25. The circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying the value thereof to the plaintiff.

Wherefore, GESA demands judgment against JSC and VP Sales for compensatory damages, costs, pre-judgment interest, and any other relief this Court deems appropriate.

## COUNT III -- CONVERSION

26. Paragraphs 1-14 are incorporated herein.

27. JSC and VP Sales have converted or contributed to the conversion of funds, specifically $700,000.00.

28. On information and belief, Defendants have distributed some of the funds to themselves or to their principals.

WHEREFORE, GESA demands judgment against JSC and VP Sales for compensatory damages, costs, pre-judgment interest, and any other relief this Court deems appropriate.

Respectfully submitted,

DO CAMPO & THORNTON, P.A.
Attorneys for Plaintiff
Miami Tower
100 S.E. Second St., Ste. 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By:

/s/ *John Thornton*
JOHN THORNTON
Florida Bar No. 004820
jt@dandtlaw.com

## VERIFICATION

PURSUANT TO 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed at Toluca, Mexico this 13th day of May, 2016.

Jose Luis Hernandez, President
Grupo Especializado de Servicios Aereos S de RL de CV